Official Form 1 (10/06)

| United States Bankruptcy Court<br>_Northern_ DISTRICT OF _Illinois_ | **Voluntary Petition** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Annoreno, James W. | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Annoreno, Kathleen F. |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>6075 | Last four digits of Soc. Sec./Complete EIN or other Tax I.D. No. (if more than one, state all):<br>2423 |
| Street Address of Debtor (No. and Street, City, and State):<br>5119 S. Newland Ave.<br>Chicago, Il.<br>60638 | Street Address of Joint Debtor (No. and Street, City, and State):<br>5119 S. Newland Ave.<br>Chicago, Il.<br>60638 |
| County of Residence or of the Principal Place of Business:<br>_Cook County_ | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):<br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br>ZIP Code |
| Location of Principal Assets of Business Debtor (if different from street address above):<br>_Cook County_ | ZIP Code |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.)<br>_____ | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☒ Chapter 13 |
| | **Tax-Exempt Entity**<br>(Check box, if applicable.)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts**<br>(Check one box.)<br>☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2 million.<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☒ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| 1-<br>49 | 50-<br>99 | 100-<br>199 | 200-<br>999 | 1,000-<br>5,000 | 5,001-<br>10,000 | 10,001-<br>25,000 | 25,001-<br>50,000 | 50,001-<br>100,000 | Over<br>100,000 |
|---|---|---|---|---|---|---|---|---|---|
| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |

Estimated Assets

| ☐ $0 to $10,000 | ☐ $10,000 to $100,000 | ☒ $100,000 to $1 million | ☐ $1 million to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,000 to $100,000 | ☒ $100,000 to $1 million | ☐ $1 million to $100 million | ☐ More than $100 million |
|---|---|---|---|---|

| Official Form 1 (10/06) | Form B1, Page 3 |
|---|---|
| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |

**Signatures**

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Debtor<br><br>X _____<br>Signature of Joint Debtor<br><br>_____<br>Telephone Number (if not represented by attorney)<br><br>_____<br>Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐  I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐  Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>(Signature of Foreign Representative)<br><br>_____<br>(Printed Name of Foreign Representative)<br><br>_____<br>Date |
| **Signature of Attorney**<br><br>X _____<br>Signature of Attorney for Debtor(s)<br>James L. Ebersohl<br>Printed Name of Attorney for Debtor(s)<br><br>_____<br>Firm Name<br><br>Address 11212 S. Harlem, Worth, Il. 60482<br><br>_____<br>708-448-7063<br>Telephone Number<br><br>_____<br>Date | **Signature of Non-Attorney Bankruptcy Petition Preparer**<br><br>I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19B is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social Security number (If the bankruptcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)<br><br>Address<br><br>X _____<br><br>_____<br>Date |
| **Signature of Debtor (Corporation/Partnership)**<br><br>I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>Signature of Authorized Individual<br><br>_____<br>Printed Name of Authorized Individual<br><br>_____<br>Title of Authorized Individual<br><br>_____<br>Date | Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social Security number is provided above.<br><br>Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

Official Form 1, Exhibit D (10/06)

## UNITED STATES BANKRUPTCY COURT

Northern     **District of**     ⁀ Illinois

In re Annoreno, James & Kathleen                    :     Case No._____
_____
           Debtor(s)     .                              (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**Official Form 1, Exh. D (10/06) – Cont.**

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* _____

_____.

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

  ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

  ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

  ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _____

Date: _____

2

Official Form 1, Exhibit D (10/06)

# UNITED STATES BANKRUPTCY COURT

<u>Northern</u> **District of** Illinois

In re <u>Annoreno, James & Kathleen</u>  :  Case No._____
<u>_____</u>
Debtor(s)                                                        (if known)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

**Official Form 1, Exh. D (10/06) – Cont.**

☐3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Must be accompanied by a motion for determination by the court.][Summarize exigent circumstances here.]* _____

_____.

**If the court is satisfied with the reasons stated in your motion, it will send you an order approving your request. You must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy case and promptly file a certificate from the agency that provided the briefing, together with a copy of any debt management plan developed through the agency. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. A motion for extension must be filed within the 30-day period. Failure to fulfill these requirements may result in dismissal of your case. If the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing, your case may be dismissed.**

☐4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*
☐Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);
☐Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);
☐Active military duty in a military combat zone.

☐5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Kathleen Innerd_

Date: _11/1/07_

2

Form B6 A/B, P1(6-90)            Julius Blumberg, Inc. NYC 10013

In re: **Annoreno, James & Kathleen**                    Debtor(s)      Case No.                    (if known)

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| 5119 S. Newland Ave. Chicago, Illinois Single family residence | fee simple | J | 290,000.00 | 290,000.00 |
| | | Total -> | $ 290,000.00 | (Report also on Summary of Schedules.) |

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | | | 50.00 |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Bridgeview Bank & Trust** | J | 350.00 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | | | | |
| 4. Household goods and furnishings including audio, video and computer equipment. | | | | 1,800.00 |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | | | | |
| 6. Wearing apparel. | | | | |
| 7. Furs and jewelry. | | | | 600.00 200.00 |
| 8. Firearms and sports, photographic, and other hobby equipment. | | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | | | |

3072   1991 JULIUS BLUMBERG, INC. NYC 100⁻

Form 868, P2 (6-90)

Julius Blumberg, Inc. NYC 10013

# SCHEDULE B
# PERSONAL PROPERTY

In re:  **Annoreno, James & Kathleen**

Debtor(s)        Case No.        (if known)

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | H W J C | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 10. Annuities. Itemize and name each issuer. | | 457(b) Plan City of Chicago | H | $13,801.71 |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | Laborers' and retirement board employees' annuity and benefit fund of Chciago | H | 141,080.26 |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | | | | |
| 13. Interest in partnerships or joint ventures. Itemize. | | | | |
| 14. Government and corporate bonds and other negotiable and nonegotiable instruments. | | | | |
| 15. Accounts receivable. | | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | | | | |
| 17. Other liquidated debts owing debtor including tax refunds. Give particulars. | | | | |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | | | | |
| 21. Patents, copyrights, and other intellectual property. Give particulars. | | | | |
| 22. Licenses, franchises, and other general intangibles. Give particulars. | | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | 2004 Chevrolet Cavalier 1997 Toyota Camry | | 11,770.00 1,175.00 |
| 24. Boats, motors, and accessories. | | | | |
| 25. Aircraft and accessories. | | | | |
| 26. Office equipment, furnishings, and supplies. | | | | |
| 27. Machinery, fixtures, equipment, and supplies used in business. | | | | |
| 28. Inventory. | | | | |
| 29. Animals. | | | | |
| 30. Crops - growing or harvested. Give particulars. | | | | |
| 31. Farming equipment and implements. | | | | |
| 32. Farm supplies, chemicals, and feed. | | | | |
| 33. Other personal property of any kind not already listed. Itemize. | | | | |

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules)      Total -> $ 170,826.97

_____ continuation sheets attached

3072 ^ 1991 JULIUS BLUMBERG, INC., NYC 10013

In re: **Annoreno, James & Kathleen**                          Debtor(s)        Case No.

(if known)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemptions to which debtor is entitled under (Check one box)

☐ 11 U.S.C. § 522(b)(1): Exemptions provided in 11 U.S.C. § 522(d). Note: These exemptions are available only in certain states.

☐ 11 U.S.C. § 522(b)(2): Exemptions available under applicable nonbankruptcy federal laws, state or local law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY WITHOUT DEDUCTING EXEMPTION |
|---|---|---|---|
| Homestead Exemption 5119 S. Newland Avenue Chicago, Illinois | 735 ILCS 5/12-901 | $30,000.00 | $290,000.00 |
| Necessary wearing apparel, bible, school books, and family pictures | 735 ILCS 5/12-1001(a) | | |
| 1997 Toyota Camry | 735 ILCS 5/12-1001(c) | $2,400.00 | 1,175.00 |
| 2004 Chevrolet Cavalier | 735 ILCS 5/12-1001(c) | $2,400.00 | 11,170.00 |
| Furniture, furnishings, cash, checking account and jewelry | 735 ILCS 5/12-1001(b) | 4,000.00 | 3,000.00 |
| 457(b) Plan | 735 ILCS 5/12-1106 | All | 13,801.71 |
| Pension Laborers' and retirement board | 735 ILCS 5/12-1106 | All | 141,080.26 |
| Social Security Benefits | 42 U.S.C. Sec.407 735 ILCS 5/12-1001(g)(1) | All | Unknown |

Form B6 D (6-90)

In re: **Annoreno, James & Kathleen**                    Debtor(s)          Case No.                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CUD* | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION IF ANY |
|---|---|---|---|---|---|---|
| A/C # | | | | | | |
| Donald Scalise %Benjamin P. Hyink 1100 Jorie Blvd. #270 Oak Brook, Il. 60523 | | | judgment 8/31/07 05 Ch 11439, Cook County Illinois <br> VALUE $ | | $19,543.12 | |
| A/C #8580020181657106 | | | | | | |
| Chase Home Finance P.O. Box 78116 Phoenix, Az. 85062-8116 | | | Single family residence 5119 S. Newland Ave. Chicago, Il. 60638 <br> VALUE $ 290,000.00 | | $243,998.08 | |
| A/C #0010868917 | | | | | | |
| HSBC Mortgage Services P.O. Box 37282 Baltimore, MD. 21297-3282 | | | Second Mortgage 5119 S. Newland Ave. Chicago, Il. 60638 <br> VALUE $ 290,000.00 | | 61,832.98 | 15,831.06 |
| A/C # 154904375240 | | | | | | |
| GMAC P.O. Box 9001951 Louisville, Ky. 40290 | | | 1997 Toyota Camry <br> VALUE $ 4,935.00 | | 5,354.56 | 419.56 |
| A/C #67130842-0307454 | | | | | | |
| CitiFinancial P.O. Box 6931 The Lakes, NV. 88901-6931 | | | 2004 Chevrolet Cavalier <br> VALUE $ 7,005.00 | | 8,759.16 | 1,754.16 |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |
| A/C # | | | VALUE $ | | | |

continuation sheets attached

Subtotal -> (Total of this page)   $   **$339,487.90**

Total -> (use only on last page)   $   339,487.90

(Report total also on Summary of Schedules)

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

In re:   **Annoreno,   James & Kathleen**                          Debtor(s)        Case No.

(if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☒ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E

**TYPE OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Extensions of credit in an involuntary case**   Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507 (a) (2).

☐ **Wages, salaries, and commissions**   Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees, and commissions owing to qualifying independent sales representatives up to $4,000* per person, earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C § 507 (a) (3).

☐ **Contributions to employee benefit plans**   Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507 (a) (4).

☐ **Certain farmers and fishermen**   Claims of certain farmers and fishermen, up to $4,000* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507 (a) (5).

☐ **Deposits by individuals**   Claims of individuals up to $1,800* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507 (a) (6).

☐ **Alimony, Maintenance, or Support**   Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507 (a) (7).

☐ **Taxes and Certain Other Debts Owed to Governmental Units**   Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507 (a) (8).

☐ **Commitments to Maintain the Capital of an Insured Depository Institution**   Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a) (9).

*Amounts are subject to adjustment on April 1, 1998, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C U D * | TOTAL AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |
| A/C# | | | | | | |

_____ Continuation sheets attached.

|  |  |
|---|---|
| Subtotal -> (Total of this page) | $ |
| Total -> (use only on last page of the completed Schedule E) | $ |

* contingent, enter C, if unliquidated., enter U: if disputed , enter D.

(Report total also on Summary of Schedules)

In re: **Annoreno, James & Kathleen**                    Debtor(s)          Case No. _____ (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D * | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # | | | | | |
| Riordan, Fulkerson, Hubert & Coleman<br>30 North LaSalle Street, 2630<br>Chicago, Il. 60602 | | | Legal Services  2005-7 | | $11,912.50 |
| A/C # 31646 | | | | | |
| Chicago Municipal Employee CU<br>% Walinski & Trunkett<br>25 East Washington St.#1221<br>Chicago, Il. 60602 | | | various dates | | 4,794.91 |
| A/C # 088451801360 | | | | | |
| American General Finanical Il<br>%Blatt & Hasenmiller<br>125 S. Wacker Drive #1200<br>Chicago, Il. 60606 | | | Personal Loan | | 730.00 |
| A/C # 4147202012452049 | | | | | |
| Bank One CCCS/EFT<br>%Blatt & Hasenmiller<br>125 S. Wacker Drive #1200<br>Chicago, Illinois 60606 | | | various dates | | 10,425.00 |
| A/C # 5491130320039993 | | | | | |
| AT&T Universal<br>%Blatt & Hasenmiller<br>125 S. Wacker Drive #1200<br>Chicago, Il. 60606 | | | various dates | | 805.23 |
| A/C # 5424180742439729 | | | | | |
| Citicard<br>%Blatt & Hasenmiller<br>125 S. Wacker Drive #1200<br>Chicago, Il. 60606 | | | various dates | | 12,181.67 |
| A/C # 5424180638866 5482 | | | | | |
| Citicard<br>%Blatt & Hasenmiller<br>125 S. Wacker Drive #1200<br>Chicago, Il. 60606 | | | various dates | | 3,201.04 |
| A/C # 4147202012452049 | | | | | |
| Chase Cardmember Service<br>%Blatt & Hasenmiller<br>125 S. Wacker Drive #1200<br>Chicago, Il. 60606 | | | various dates | | 11.154.07 |
| A/C # 5921143 | | | | | |
| Wells Fargo Financial<br>P.O. Box 5943<br>Sioux Falls, S.D. 57117 | | | Personal Loan | | 730.00 |

Sheet no. _____ of _____ sheets attached to Schedule of Creditors Holding Nonpriority Claims.

Subtotal -> (Total of this page)  $ 55,934.42

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

Total -> (use only on last page of completed Schedule F.)  $

(Report total also on Summary of Schedules)

Form 86 F (6-90)

In re:   **Annereno, James & Kathleen**

Debtor(s)      Case No.

(if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐ Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CO DEBT | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C U D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|
| A/C # 43058731300461821 | | | | | |
| Chase/Cardmember Services ℅ Blatt & Hasenmiller 125 S. Wacker Drive #1200 Chicago, Il. 60606 | | | various dates | | $2,096.84 |
| A/C # 546702002538919 | | | | | |
| Union Plus Credit Card ℅ Blatt & Hasenmiller 125 S. Wacker Drive #1200 Chicago, Il. 60606 | | | various dates | | 1,418.83 |
| A/C # 4819770831864021 | | | | | |
| Visa ℅ Walinski & Trunkett.P.C. 25 East Washington St. Chicago, Il. | | | various dates | | 10,421.00 |
| A/C # | | | | | |
| | | | | | |
| A/C # | | | | | |
| | | | | | |
| A/C # | | | | | |
| | | | | | |
| A/C # | | | | | |
| | | | | | |
| A/C # | | | | | |
| | | | | | |
| A/C # | | | | | |

_____ Continuation Sheets attached.

Subtotal -> (Total of this page)   $ 13,936.67

Total -> (use only on last page of completed Schedule F.)   $ 67,871.09

*If contingent, enter C; if unliquidated, enter U; if disputed, enter D.

(Report total also on Summary of Schedules)

Form 86 G (6-90)                    Julius Blumberg, Inc. NYC 10013

In re: Annoreno, James & Kathleen

                                                    Debtor(s)        Case No.                    (If known)

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☒ Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST. STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY. STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| | |

Annoreno, James & Kathleen

Debtor(s)          Case No.

(if k

☒ Check this box if debtor has no codebtors.

# SCHEDULE H - CODEBTORS

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

Form 861 (6-90)

In re: _____  Debtor(s)   Case No. _____   (if known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by a married debtor in a chapter 12 or 13 case whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | | |
|---|---|---|---|
| | NAMES | AGE | RELATIONSHIP |
| **Married** | | | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Street Repair Foreman** | **Service Coordinator** |
| Name of Employer | **City of Chicago Dept. of Transportation** | **Loyola University & Medical Center** |
| How long employed | **30 years** | **6 months** |
| Address of Employer | **1501 W. Pershing Road<br>Chicago, IL  60609** | **2160 First Avenue<br>Maywood, IL  60133** |

| Income:  (Estimate of average monthly income) | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary,and commissions (pro rate if not paid monthly.) | $ 6,425.10 | $ 2,524.74 |
| Estimate monthly overtime | | |
| SUBTOTAL | $ _____ | $ _____ |
| LESS PAYROLL DEDUCTIONS | | |
| a.  Payroll taxes and social security | | |
| b.  Insurance | | |
| c.  Union dues | | |
| d.  Other (Specify) | | |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ 1,688.62 | $ 629.54 |
| TOTAL NET MONTHLY TAKE HOME PAY | $ 4,736.48 | $ 1,895.20 |
| Regular income from operation of business or profession or farm (attach detailed statement) | | |
| Income from real property | | |
| Interest and dividends | | |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | |
| Social security or other government assistance (Specify) | | |
| Pension or retirement income | | |
| Other monthly income (Specify) | | |
| TOTAL MONTHLY INCOME | $ 4,736.48 | $ 1,895.20 |
| TOTAL COMBINED MONTHLY INCOME | $ 6,631.68 | (Report also on Summary of Schedules) |

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

Form B6 J, Cont. (6-90)

In re: _____                    Debtor(s)        Case No. _____
                                                                              (if known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average monthly expenses of the debtor and the debtor's family. Pro rate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse".

| | |
|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ 2,298.63 |
| Are real estate taxes included? ☐ Yes  ☒ No      Is property insurance included? ☐ Yes  ☒ No | |
| Utilities  Electricity and heating fuel | 245.00 |
|     Water and sewer | 19.00 |
|     Telephone | 170.00 |
|     Other | 65.00 |
| Home maintenance (repairs and upkeep) | |
| Food | 100.00 |
| Clothing | 500.00 |
| Laundry and dry cleaning | 100.00 |
| Medical and dental expenses | 50.00 |
| Transportation (not including car payments) | 180.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | 150.00 |
| Charitable contributions | 265.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | 50.00 |
|     Homeowner's or renter's | |
|     Life | 70.00 |
|     Health | 47.67 |
|     Auto | 109.52 |
|     Other | 140.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | |
| (Specify)      **Real Estate Taxes** | 191.00 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | |
|     Auto | 619.00 |
|     Other | |
| Alimony, maintenance, and support paid to others | |
| Payments for support of additional dependents not living at your home | |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | |
| Other | |
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ 5,369.82 |

(FOR CHAPTER 12 AND 13 DEBTORS ONLY)
Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at some other regular interval.

| | |
|---|---:|
| A. Total projected monthly income | $ 6,631.68 |
| B. Total projected monthly expenses | 5,369.82 |
| C. Excess income (A minus B) | 1,261.86 |
| D. Total amount to be paid into plan each _____ (interval) | $ 1,261.86 |

Form B6 Cont. (12/94)                    Julius Blumberg, Inc. NYC 10013

In re:  **Annoreno, James & kathleen**

                                                        Debtor(s)        Case No.

                                                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ———————————— sheets,
and that they are true and correct to the best of my knowledge, information, and belief.                    (Total shown on summary page plus 1.)

Date    11/01/07                        Signature: _____

Date    11-01-07                        Signature: _____
                                                                    Debtor

                                                        (Joint Debtor, if any) (If joint case, both spouses must sign.)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CERTIFICATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (SEE 11 U.S.C. § 110)

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the
debtor with a copy of this document.

_____        _____
Printed or Typed Name of Bankruptcy Petition Preparer        Social Security No.

_____
Address

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person.

_____        _____
Signature of Bankruptcy Petition Preparer        Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines
or imprisonment or both.  11 U.S.C. § 110; 18 U.S.C. § 156

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF A CORPORATION OR PARTNERSHIP

I, the _____ (the president or other officer or an authorized agent of the corporation or a member or an
authorized agent of the partnership) of the _____ (corporation or partnership) named as debtor in this case,
declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ———————————— sheets, and
that they are true and correct to the best of my knowledge, information, and belief.                    (Total shown on summary page plus 1.)

Date _____                        Signature: _____
                                                        (Print or type name of individual signing on behalf of debtor.)

(An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.)

Form B6 (6-90)

# UNITED STATES BANKRUPTCY COURT

In re: **Annoreno, James & Kathleen**

**Northern**  **DISTRICT OF  Illinois**

Debtor(s)  Case No.  (If Known)

See summary below for the list of schedules. Include Unsworn Declaration under Penalty of Perjury at the end.

**GENERAL INSTRUCTIONS:** Schedules D, E and F have been designed for the listing of each claim only once. Even when a claim is secured only in part, or entitled to priority in part, it still should be listed only once. A claim which is secured in whole or in part should be listed on Schedule D only, and a claim which is entitled to priority in whole or in part should be listed in Schedule E only. Do not list the same claim twice. If a creditor has more than one claim, such as claims arising from separate transactions, each claim should be scheduled separately.

Review the specific instructions for each schedule before completing the schedule.

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts from Schedules D, E, and F to determine the total amount of the debtor's liabilities.

| Name of Schedule | Attached (Yes No) | Number of sheets | Assets | Liabilities | Other |
|---|---|---|---|---|---|
| A - Real Property | | | 290,000.00 | | |
| B - Personal Property | | | 170,826.97 | | |
| C - Property Claimed as Exempt | | | | | |
| D - Creditors Holding Secured Claims | | | | 339,487.90 | |
| E - Creditors Holding Unsecured Priority Claims | | | | --0-- | |
| F - Creditors Holding Unsecured Nonpriority Claims | | | | 67,871.09 | |
| G - Executory Contracts and Unexpired Leases | | | | | |
| H - Codebtors | | | | | |
| I - Current Income of Individual Debtor(s) | | | | | 6,631.68 |
| J - Current Expenditures of Individual Debtor(s) | | | | | 5,369.82 |
| Total Number of Sheets of All Schedules | | | | | |
| Total Assets | | | 460,826.97 | | |
| Total Liabilities | | | | 407,358.99 | |

Form B7 (Official Form 7)
Statement of Financial
Affairs (9/01)

Julius Blumberg, Inc.
NYC 10013

UNITED STATES BANKRUPTCY COURT          DISTRICT OF

In re: **Annoreno, James & Kathleen**          Debtor(s)          *Case No.*

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the invididual's personal affairs.

Questions 1-15 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 16-21. **Each question must be answered. If the answer to any question is "None," or the question is not applicable, mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101(30).

☐ None   **1. Income from Employment or Operation of Business**

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give AMOUNT and SOURCE (if more than one).

2005          77,919.00
2006          90,522.00

☐ None   **2. Income Other than from Employment or Operation of Business**

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give AMOUNT and SOURCE.

Csshed 401 k $12,580.00 in 2006

**3. Payments to Creditors**

☐ None   a. List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within 90 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME AND ADDRESS OF CREDITOR, DATES OF PAYMENTS, AMOUNT PAID and AMOUNT STILL OWING.

Chase Home Finance First Mortgage Payments

☒ None   b. List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR, DATE OF PAYMENT, AMOUNT PAID and AMOUNT STILL OWING.

**4. Suits, Executions, Garnishments and Attachments**

☐ None   a. List all suits to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.) Give CAPTION OF SUIT AND CASE NUMBER, NATURE OF PROCEEDING, COURT AND LOCATION and STATUS OR DISPOSITION.

Chancery Department Cook County, Illinois:   05CH11439
Donald Scalise v. Kathleen Annoreno & James Annoreno
Municipal Department Cook County, Illinois:
07M1151780 Chicago Municpal Employees CU v. James
Annoreno

☒ None   b. Describe all property that has been attached, gar-

immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED, DATE OF SEIZURE and DESCRIPTION AND VALUE OF PROPERTY.

**☒☒** None    **5. Repossessions, Foreclosures, and Returns**

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CREDITOR OR SELLER, DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN and DESCRIPTION AND VALUE OF PROPERTY.

**6. Assignments and Receiverships**

**☒☒** None    a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF ASSIGNEE, DATE OF ASSIGNMENT and TERMS OF ASSIGNMENT OR SETTLEMENT.

**☒☒** None    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF CUSTODIAN, NAME AND LOCATION OF COURT, CASE TITLE & NUMBER, DATE OF ORDER and DESCRIPTION AND VALUE OF PROPERTY.

**☒☒** None    **7. Gifts**

List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF PERSON OR ORGANIZATION, RELATIONSHIP TO DEBTOR, IF ANY, DATE OF GIFT, and DESCRIPTION AND VALUE OF GIFT.

**☒☒** None    **8. Losses**

List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give DESCRIPTION AND VALUE OF PROPERTY, DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS and DATE OF LOSS.

☐ None    **9. Payments Related to Debt Counseling or Bankruptcy**

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

Give NAME AND ADDRESS OF PAYEE, DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY

James L. Ebersohl $2,500.00
11212 S. Harlem
Worth, Il. 60482

**☒☒** None    **10. Other Transfers**

List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

☐ None    **11. Closed Financial Accounts**

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF INSTITUTION, TYPE AND NUMBER OF ACCOUNT AND AMOUNT OF FINAL BALANCE and AMOUNT AND DATE OF SALE OR CLOSING.

**Nov. 2006 401k Plan**

☒ None    **12. Safe Deposit Boxes**

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY, NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY, DESCRIPTION OF CONTENTS and DATE OF TRANSFER OR SURRENDER, IF ANY.

☒ None    **13. Setoffs**

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

Give NAME AND ADDRESS OR CREDITOR, DATE OF SETOFF and AMOUNT OF SETOFF.

☒ None    **14. Property Held for Another Person**

List all property owned by another person that the debtor holds or controls.

Give NAME AND ADDRESS OF OWNER, DESCRIPTION AND VALUE OF PROPERTY and LOCATION OF PROPERTY.

☒ None    **15. Prior Address of Debtor**

If the debtor has moved within the two years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

Give ADDRESS, NAME USED and DATES OF OCCUPANCY.

The following questions are to be completed as shown below.*

**16. Nature, Location and Name of Business***

☒ None    a. If the debtor is an individual, list the names and addresses of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the two years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the two years immediately preceding the commencement of this case.

b. If the debtor is a partnership, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities, within the two years immediately preceding the commencement of this case.

c. If the debtor is a corporation, list the names and addresses of all businesses in which the debtor was a partner or owned 5 percent or more of the voting securities within the two years immediately preceding the commencement of this case.

Give NAME, ADDRESS, NATURE OF BUSINESS and BEGINNING AND ENDING DATES OF OPERATION.

**17. Books, Records, and Financial Statements**

☒ None    a. List all bookkeepers and accountants who within the six years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

Give NAME AND ADDRESS and DATES SERVICES RENDERED.

*These questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within the two years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or otherwise self-employed.
(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within the two years immediately preceding the commencement of this case.)

_ Name    b. List all firms or individuals who within the two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME ADDRESS AND DATES SERVICES RENDERED

_ None    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME AND ADDRESS

_ None    d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued within the two years immediately preceding the commencement of this case by the debtor.

NAME AND ADDRESS and DATE ISSUED

### 18. Inventories

_ None    a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY INVENTORY SUPERVISOR and DOLLAR AMOUNT OF INVENTORY (specify cost, market or other basis)

_ None    b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY and NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY RECORDS

### 19. Current Partners, Officers, Directors and Shareholders

_ None    a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS NATURE OF INTEREST and PERCENTAGE OF INTEREST

_ None    b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting securities of the corporation.

NAME AND ADDRESS TITLE and NATURE AND PERCENTAGE OF STOCK OWNERSHIP

### 20. Former Partners, Officers, Directors and Shareholders

_ None    a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

NAME ADDRESS and DATE OF WITHDRAWAL

_ None    b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

NAME AND ADDRESS TITLE and DATE OF TERMINATION

_ None    21. Withdrawals from a Partnership or Distributions by a Corporation

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

NAME & ADDRESS OF RECIPIENT RELATIONSHIP TO DEBTOR DATE AND PURPOSE OF WITHDRAWAL and AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY

---

### Unsworn Declaration under Penalty of Perjury.

*(If completed by an individual or individual and spouse)*   I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____   Signature of Debtor _____   11/01/07   Date _____   Signature of Joint Debtor (if any) _____

*(If completed on behalf of a partnership or corporation)*   I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date _____   Signature _____   11-1-07   Print Name and Title _____

_____ continuation sheets attached

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

## RIGHTS AND RESPONSIBILITIES AGREEMENT BETWEEN
## CHAPTER 13 DEBTORS AND THEIR ATTORNEYS
### (Model Retention Agreement, revised as of May 1, 2007)

Chapter 13 gives debtors important rights, such as the right to keep property that could otherwise be lost through repossession or foreclosure—but Chapter 13 also puts burdens on debtors, such as the burden of making complete and truthful disclosures of their financial situation. It is important for debtors who file a Chapter 13 bankruptcy case to understand their rights and responsibilities in bankruptcy. In this connection, the advice of an attorney is often crucial. Debtors are entitled to certain services from by their attorneys, but debtors also have responsibilities to their attorneys. In order to assure that debtors and their attorneys understand their rights and responsibilities in the Chapter 13 process, the judges of the Bankruptcy Court for the Northern District of Illinois have approved the following agreement, setting out the rights and responsibilities of both debtors in Chapter 13 and their attorneys. By signing this agreement, debtors and their attorneys accept these responsibilities.

## *BEFORE THE CASE IS FILED*

### THE DEBTOR AGREES TO:

1. Discuss with the attorney the debtor's objectives in filing the case.

2. Provide the attorney with full, accurate and timely information, financial and otherwise, including properly documented proof of income.

### THE ATTORNEY AGREES TO:

1. Personally counsel the debtor regarding the advisability of filing either a Chapter 13 or a Chapter 7 case, discuss both procedures (as well as non-bankruptcy options) with the debtor, and answer the debtor's questions.

2. Personally explain to the debtor that the attorney is being engaged to represent the debtor on all matters arising in the case, as required by Local Bankruptcy rule and explain how and when the attorney's fees and the trustee's fees are determined and paid.

3. Personally review with the debtor and sign the completed petition, plan, statements, and schedules, as well as all amendments thereto, whether filed with the petition or later. (The schedules may be initially prepared with the help of clerical or paralegal staff of the attorney's office, but personal attention of the attorney is required for the review and signing.)

4. Timely prepare and file the debtor's petition, plan, statements, and schedules.

5. Explain to the debtor how, when, and where to make all necessary payments, including both payments that must be made directly to creditors and payments that must be made to the Chapter 13 trustee, with particular attention to housing and vehicle payments.

6. Advise the debtor of the need to maintain appropriate insurance.

### *AFTER THE CASE IS FILED*

#### THE DEBTOR AGREES TO:

1. Make the required payments to the trustee and to whatever creditors are being paid directly, or, if required payments cannot be made, to notify the attorney immediately.

2. Appear punctually at the meeting of creditors (also called the "341 meeting") with recent proof of income and a picture identification card. (If the identification card does not include the debtor's social security number, the debtor will also bring to the meeting a social security card.) The debtor must be present in time for check-in and when the case is called for the actual examination.

3. Notify the attorney of any change in the debtor's address or telephone number.

4. Inform the attorney of any wage garnishments or liens or levies on assets that occur or continue after the filing of the case.

5. Contact the attorney immediately if the debtor loses employment, has a significant change in income, or experiences any other significant change in financial situation (such as serious illness, marriage, divorce or separation, lottery winnings, or an inheritance).

6. Notify the attorney if the debtor is sued or wishes to file a lawsuit (including divorce).

7. Inform the attorney if any tax refunds to which the debtor is entitled are seized or not received when due from the IRS or Illinois Department of Revenue.

8. Contact the attorney before buying, refinancing, or selling real property, and before entering into any loan agreement.

9. Supply the attorney with copies of all tax returns filed while the case is pending.

#### THE ATTORNEY AGREES TO:

1. Advise the debtor of the requirement to attend the meeting of creditors, and notify the debtor of the date, time, and place of the meeting.

2. Inform the debtor that the debtor must be punctual and, in the case of a joint filing, that both spouses must appear at the same meeting.

3. Provide knowledgeable legal representation for the debtor at the meeting of creditors (in time for check-in and the actual examination) and, unless excused by the trustee, for the confirmation hearing.

4. If the attorney will be employing another attorney to attend the 341meeting or any court hearing, personally explain to the debtor in advance, the role and identity of the other attorney and provide the other attorney with the file in sufficient time to review it and properly represent the debtor.

5. Timely submit to the Chapter 13 trustee properly documented proof of income for the debtor, including business reports for self-employed debtors.

6. Timely respond to objections to plan confirmation and, where necessary, prepare, file, and serve an amended plan.

7. Timely prepare, file, and serve any necessary statements, amended statements and schedules and any change of address, in accordance with information provided by the debtor.

8. Monitor all incoming case information (including, but not limited to, Order Confirming Plan, Notice of Intent to Pay Claims, and 6-month status reports) for accuracy and completeness. Contact the trustee promptly regarding any discrepancies.

9. Be available to respond to the debtor's questions throughout the term of the plan.

10. Prepare, file, and serve timely modifications to the plan after confirmation, when necessary, including modifications to suspend, lower, or increase plan payments.

11. Prepare, file, and serve necessary motions to buy or sell property and to incur debt.

12. Object to improper or invalid claims.

13. Timely respond to the Chapter 13 trustee's motions to dismiss the case, such as for payment default, or unfeasibility, and to motions to increase the percentage payment to unsecured creditors.

14. Timely respond to motions for relief from stay.

15. Prepare, file, and serve all appropriate motions to avoid liens.

16. Provide any other legal services necessary for the administration of the case.

17. In the event that the case is converted to Chapter 7, provide any other legal services which may be necessary consistent with the attorney's responsibilities under Local Bankruptcy Rule 2090-5, with such additional fees as may be appropriate.

## *ALLOWANCE AND PAYMENT OF ATTORNEYS' FEES*

1. Any attorney retained to represent a debtor in a Chapter 13 case is responsible for representing the debtor on all matters arising in the case unless otherwise ordered by the court. For all of the services outlined above, the attorney will be paid a fee of

$ 2,500 ‾

In extraordinary circumstances, such as extended evidentiary hearings or appeals, the attorney may apply to the court for additional compensation for these services. Any such application must be accompanied by an itemization of the services rendered, showing the date, the time expended, and the identity of the attorney performing the services. The debtor must be served with a copy of the application and notified of the right to appear in court to object.

2. *Early termination of the case.* Fees payable under the provisions set out above are not re-fundable in the event that the case is dismissed, unless the dismissal is due to a failure by the attorney to comply with the duties set out in this agreement. If a dismissal is due to such a failure by the attorney, the court may order a refund of fees on motion by the debtor.

3. *Retainers.* The attorney may receive a retainer or other payment before filing the case, but may not receive fees directly from the debtor after the filing of the case. In any application for fees, whether or not requiring an itemization, the attorney shall disclose to the court any fees paid by the debtor prior to the case filing.

4. *Improper conduct by the attorney.* If the debtor disputes the sufficiency or quality of the legal services provided or the amount of the fees charged by the attorney, the debtor may file an objec-tion with the court and request a hearing.

5. *Improper conduct by the debtor.* If the attorney believes that the debtor is not complying with the debtor's responsibilities under this agreement or is otherwise not engaging in proper conduct, the attorney may apply for a court order allowing the attorney to withdraw ormfrom the case.

6. *Discharge of the attorney.* The debtor may discharge the attorney at any time.

Date: _____

Signed: _____

_____
Debtor(s)
**Do not sign if the fee amount at top of this page is blank.**

_____
Attorney for Debtor(s)

4